```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 07-14214-Civ-GRAHAM
                              MAGISTRATE JUDGE P.A. WHITE

RICHARD L. RICHARDS,          :

        Petitioner,           :

v.                            :        REPORT RE DISMISSAL
                                           §2254 PETITION
JAMES McDONOUGH,              :        AS TIME BARRED

        Respondent.           :
_____
```

This petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 was filed on July 16, 2007.[1] The judgments of conviction of two counts of attempted sexual battery, one count of lewd and lascivious exhibition by an offender over 18, and one count of lascivious conduct by an offender over 18 in the underlying state criminal case, No. 00-403, entered on a negotiated plea of no contest in Indian River County, became final on March 18, 2003, ninety days after the opinion affirming the convictions was issued at the conclusion of Richards' direct appeal.[2] Richards v. State,

---

[1]The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing). [DE 1 at 7]

[2]For federal purposes, a conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied. Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986); accord, Bond v. Moore, 309 F.3d 770 (11 Cir. 2002); Coates v. Byrd, 211 F.3d 1225 (11 Cir. 2000). Ordinarily, a petition for writ of certiorari must be filed within 90 days of the date of the entry of judgment, rather than the issuance of a mandate. Supreme Court Rule 13.

834 So.2d 179 (Fla. 4 DCA 2002) (table). [DE 8, Ex.14]

The one-year period of limitation applicable to §2254 petitions is set out in 28 U.S.C. §2244(d), which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation

---

In this case, although Richards pleaded no contest, he filed a motion to withdraw his plea as involuntary, thus preserving a claim that his plea was involuntary for purposes of a direct appeal. Fla.R.App.P. 9.140(b)(2)(A)(ii)(e). [DE 8, Ex.4-7a]

under this subsection.

The AEDPA's limitations period is tolled by properly-filed applications for state postconviction relief. A properly-filed application is defined as one whose "delivery and acceptance are in compliance with the applicable laws and rules governing filings," which generally govern such matters as the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. Artuz v. Bennett, 531 U.S. 4 (2000)(overruling Weekley v. Moore, 204 F.3d 1083 (11 Cir. 2000)).

In this case, after Richards' convictions became final on March 18, 2003, one year and one day of untolled time elapsed until counsel submitted a motion for postconviction relief pursuant to Fla.R.Cr.P. 3.850 on his behalf on March 19, 2004. [DE 8, Ex.16] As the respondent points out, because this pleading was submitted by counsel, the "mailbox rule" does not apply in determining its date of filing. Turner v. Singletary, 46 F. Supp. 2d 1238 (N.D. Fla. 1999). Relief was denied by the trial court [DE 8, Ex.19, 21], and that result was affirmed without written opinion, Richards v. State, 959 So.2d 271 (Fla. 4 DCA 2007)(table), with the mandate issuing on August 10, 2007. [DE 8, Ex.26, 29] Meanwhile, this federal petition was filed on July 16, 2007.

Since a total of one year and one day passed between the date Richards' convictions became final and the filing of this federal petition during which no properly-filed state court proceedings were pending, the respondent's argument that this petition is time-barred is correct. Albeit by the slimmest possible margin, the petition was filed outside the one-year limitations period of §2244(d), and as one court has observed under similar

3

circumstances, "[a]t the margins, all statutes of limitations and filing deadlines appear arbitrary." Lookingbill v. Cockrell, 293 F.3d 264-65 (5 Cir. 2002)(declining to equitably toll limitations period where petition filed 4 days late). Consequently, this petition is subject to dismissal as untimely filed.

An order was entered requiring the petitioner to state whether one or more of the four factors listed above justifies consideration of this petition for writ of habeas corpus. The petitioner was notified that failure to demonstrate the existence of at least one of the four factors would probably result in dismissal of the petition. [DE 3] However, despite having received two extensions of time to do so, Richards has filed nothing meaningful in response to that order.[3]

Nonetheless, since Richards' Rule 3.850 motion was filed by counsel one day too late to render this federal petition timely, it is reasonable to anticipate that Richards would likely cite attorney error as at least one reason why the untimeliness of this petition should be excused. If so, that position would be unavailing. The Eleventh Circuit has recognized that equitable tolling applies to the limitations periods of both §2254 petitions and §2255 motions to vacate, but has cautioned:

> Equitable tolling is appropriate when a movant

---

[3] In his second motion for extension of time to respond to the court's order, Richards makes a vague and unsubstantiated contention that counsel mishandled his Rule 3.850 motion by misfiling it in the juvenile rather than the criminal division of the circuit court. [DE 10] It is noted that the Rule 3.850 motion in fact was date-stamped as received by the felony criminal division of the circuit court [DE 16], and to the extent that Richards intends to argue that some error by his attorney should excuse the untimeliness of this petition, his position is foreclosed by the authorities discussed *infra*.

4

> untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.

Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). However, such situations are "rare and exceptional." Smith v. McGinnis, 208 F.3d 13, 17 (2 Cir. 2000), quoting Turner v. Johnson, 177 F.3d 390 (5 Cir. 1999). "[E]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 403 (5 Cir. 1999), quoting Rashidi v. American President Lines, 96 F.3d 124, 128 (5 Cir. 1996). "Equitable tolling is extraordinary and applied sparingly." Ilarion v. Crosby, 206 WL 1208057 (11 Cir. May 5, 2006), citing Drew v. Dep't of Corrections, 297 F.3d 1278 (11 Cir. 2002).

In this case, equitable tolling is not warranted on the basis of postconviction counsel's actions. In Lawrence v. Florida, 549 U.S. __, 127 S.Ct. 1079 (Feb. 20, 2007), an applicant for habeas corpus relief argued that his counsel's mistake in calculating the AEDPA limitations period entitled him to equitable tolling, but the Supreme Court rejected that contention:

> If credited, this argument would essentially equitably toll limitations periods for every person whose attorney missed a deadline. Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel.

Id. at 127 S.Ct. 1085; accord, Johnson v. McDonough, 480 F.Supp.2d 1309 (S.D. Fla. March 29, 2007); Steed v. Head, 209 F.3d 1298, 1299 (11 Cir. 2000).

Similarly, in Charest v. King, 155 Fed.Appx. 494 (11 Cir.

2005), the Eleventh Circuit rejected a petitioner's argument that his attorney's delayed filing of a state postconviction motion warranted equitable tolling of the AEDPA limitations period, holding:

> We have considered the instant issue on numerous occasions and consistently held that equitable tolling is not justified by mere attorney negligence, where the petitioner has not exercised his own due diligence. See Steed [v. Head, 209 F.3d 1298, 1299 (11 Cir. 2000)] at 1300 ('An attorney's miscalculation of the limitations period or mistake is not a basis for equitable tolling."); see also Helton v. Sec. for the Dep't of Corr  ., 259 F.3d 1310 (11th Cir. 2001)(holding equitable tolling was not warranted where counsel misadvised client as to the deadline to a habeas petition); Sandvik v. United States, 177 F.3d 1269, 1271-72 (11th Cir.1999)(holding equitable tolling was not justified where an attorney filed a habeas petition five days late because he sent it by ordinary mail). Attorney negligence is especially inadequate when, as here, a petitioner cannot show his own diligence in ascertaining the filing deadline for his federal habeas petition. See Howell v. Crosby, 415 F.3d 1250, 1252 (11th Cir. 2005), pet. for cert. filed, No. 05-7406 (Oct. 28, 2005); see also Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990)(stating that the Court has allowed equitable tolling in situations where complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass); compare Knight v. Schofield, 292  F.3d 709, 710 (11 Cir. 2002)(peititoner was entitled to equitable tolling based on both exercise of due diligence and circumstances beyond his control).

Here, pursuant to the foregoing authorities, any anticipated argument by the petitioner that postconviction counsel was

6

responsible for the late filing of this federal petition would not entitle Richards to equitable tolling. <u>Lawrence v. Florida</u>, <u>supra</u>; <u>Steed v. Head</u>, <u>supra</u>.

Lastly, it is noted that even if the court were to reach the merits of Richards' claims, he would be entitled to no federal relief. In his first federal claim, Richards argues that his plea was involuntary and he received ineffective assistance of counsel because he was misadvised as to its sentencing consequences and assured that he could withdraw the plea if the sentencing recommendation was not followed.

When Richards made this same claim in his Rule 3.850 motion, the court conducted an evidentiary hearing [DE 8, Ex.20] and then denied relief in a detailed written order. [DE 8, Ex.21] The court noted that the plea colloquy transcript demonstrates that Richards was advised under oath of the maximum penalties he faced, and indicated that he understood them. In addition, Richards stated that he understood that his eventual sentence would not necessarily be the sentence that was recommended by the state.[4] [<u>Id</u>. at 71-72] The court also analyzed the testimony of Richards and his two attorneys and rejected Richards' contention that he has been assured that he could withdraw the plea if he received more than the recommended sentence: "This Court finds [attorneys] Mr. Stone and Ms. Mullins testimony on the critical issue of whether the defendant was told he could withdraw his plea if the plea recommendation was exceeded by the trial court to be entirely more credible than the defendant's version. ... To the extent the defense witnesses testimony contradicts Mr. Stone and Ms. Mullins the Court rejects it and find[s] the State's evidence more credible

---

[4]The state recommended a sentence of 28 years in prison; Richards received a sentence of 40 years.

7

and persuasive." [Id. at 72]

The foregoing determinations by the collateral trial court, which subsequently were affirmed without comment by the state appellate court, Richards v. State, supra, were both factually reasonable and in accord with applicable federal principles. Williams v. Taylor, 529 U.S. 362 (1999). To the extent that the state court found Richards' first claim to be foreclosed by his admissions at the plea colloquy [DE 8, Ex.2], federal law is clear that statements made during a plea hearing carry a strong presumption of truthfulness and pose a "formidable barrier in subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977); Kelley v. Alabama , 636 F.2d 1082, 1084 (5 Cir. 1981). The subsequent presentation of conclusory allegations, unsupported by specifics, is subject to summary dismissal. Machibroda v. United States, 368 U.S. 487 (1962). In this case, since Richards admitted under oath at the colloquy that he accurately understood the plea's sentencing consequences, he cannot now demonstrate that but for a misunderstanding he would have declined the plea and insisted on going to trial.

To the extent that the state collateral court rejected Richards' first claim based upon a credibility determination in favor of his counsel, 28 U.S.C. §2254(e)(1) as amended by the AEDPA provides that "[i]n a proceeding initiated by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." Post-AEDPA cases make it clear that the deference which federal courts are now required to  pay to state court factual determinations under §2254(e)(1) is mandatory.

8

Mendiola v. Schomig, 244 F.3d 589, 597-98 (7 Cir.), cert.denied, 533 U.S. 949 (2001); Outten v. Kearney, 2002 WL 531328 (D.Del. 2002) As the Eleventh Circuit has said, under the AEDPA "... state court factual determinations are presumed correct and a federal habeas petitioner is stuck with them unless he can rebut their correctness with clear and convincing evidence to the contrary." Hunter v. Secretary, Dep't of Corrections, 395 F.3d 1196, 1200 (11 Cir. 2005). Since Richards has come forward with nothing to rebut the correctness of the state court's credibility findings in favor of his lawyers, this court must accept that determination as true, and Richards' first claim if cognizable fails on the merits.

In his second claim, Richards asserts that his attorney suffered from a personal conflict of interest because he said he would kill somebody who did to his children what Richards was accused of doing. The state collateral court rejected this argument as being facially insufficient. [DE 8, Ex.19] Again, this determination is in accord with applicable federal law. Cf. Williams v. Taylor, supra.

In Florida, to prove an ineffectiveness claim premised on an alleged conflict of interest, a defendant must establish that an actual conflict of interest adversely affected his lawyer's performance. Herring v. State, 730 So.2d 1264 (Fla.1998). A lawyer suffers from an actual conflict only when he or she actively represents conflicting interests. Id. To demonstrate an actual conflict, a defendant must identify specific evidence in the record that suggests that his or her interests were impaired or compromised for the benefit of a lawyer or another party. Id. Here, the state court correctly determined that Richards failed to demonstrate that an actual conflict existed by merely alleging that his attorney expressed a strong opinion regarding child sexual abuse, without showing how the alleged conflict of interest

9

adversely affected counsel's performance.

Federal law also holds that a conflict of interest cannot be established through hypothesis or speculation, Cuyler v. Sullivan, 446 U.S. 335 (1980); United States v. Medel, 592 F.2d 1305 (5 Cir. 1979), but rather requires a showing that counsel actively represented conflicting interests.  United States v. Ard, 731 F.2d 718 (11 Cir. 1984);  United States v. Panasuk, 693 F.2d 1078 (11 Cir. 1982). A defendant claiming  ineffective assistance by virtue of counsel's conflict of interest must establish two elements: first, that an actual conflict of interest existed, and second, that it "adversely affected" his counsel's representation. LoConte v. Dugger, 847 F.2d 745, 754 (11 Cir. 1988). The defendant must point to specific instances in the record to suggest an actual conflict or impairment of his interest. United States v. Khoury, 901 F.2d 948, 968 (11 Cir. 1990); Lightbourne v. Dugger, 829 F.2d 1012, 1023 (11 Cir.), cert. denied, 488 U.S. 934 (1988). Here, Richards has failed to establish either of these elements, so his claim that his representation was rendered ineffective by a conflict of interest is without merit. Cf. Strickland v. Washington, 466 U.S. 668 (1984).

For the foregoing reasons, it is recommended that this petition be dismissed as time-barred, and alternately denied on the merits.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated this 29th day of January, 2008.

                                             _____
                                             UNITED STATES MAGISTRATE JUDGE

cc:   Richard Richards
      DC #K58902
      Sumter Correctional Institution
      9544 County Road 476B
      Bushnell, FL 33513-0667

      Sue Ellen Kenny, AAG
      Office of the Attorney General
      1515 North Flagler Drive, #900
      West Palm Beach, FL 33401-3428